1. Christina-Kamalam: Dawson,
2. Alex-Singarayan: Royappa,
3. Daniel-Andrew: Royappa,
4. Esther: Vasanthakumari,
5. Hannah-Ruth: Royappa.
c/o P.O. Box 823
Millbrae, California [94030]

Plaintiffs, self-standing.
We do not waive any rights,
remedies, or defenses, which are
statutory or procedural.



**FILED**

OCT 08 2021

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

United States District Court
For the Northern District of California

1. Christina-Kamalam: Dawson,
2. Alex-Singarayan: Royappa-family,
3. Daniel-Andrew: Royappa,
4. Esther: Vasanthakumari,
5. Hannah-Ruth: Royappa.

Plaintiffs,

vs.

1. California T.D. Specialists,
2. Patricio S. Ince´,
3. Patricia Matamoros,
4. Vision Pacific, L.L.C.,
5. F.C.I. Lender Services, Inc.,
6. Michelle Alegria,
7. Patricia Matamoros,
8. Mou Un Wong,
9. The Law Offices of Todd Rothbard,
10. The Todd Rothbard Law Firm,
11. Todd Bennett Rothbard, Esq.,
12. Steve Naumchik, Esq.,
13. Ryan Austin Mayberry, Esq.,
14. The Carlson Law Group
15. Christina Norma Dabis, Esq.,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

United States District Court Case Number:

# CV 21 7920 SVK

Complaint for:
1. Violation of the American with Disabilities Act of 1990, hereinafter A.D.A.,
2. Violation of the Federal Fair Debt Collection Practices Act, hereinafter F.D.C.P.A.,
3. Violation of the Federal Fair Credit Reporting Act, hereinafter F.C.R.A.,
4. Violation of the American Bar Association Rule by Participating with the Forbidden-Ex-Parte-Communication with a Judicial Officer,
5. Failure of the Reasonable-Equivalent-Value-Test at the Purported Trustee's Sale,
6. Violation of the Internal Revenue Codes § 1691 and other codes,
7. Violation of the Foreign Agents Registration Act by the Defendants' attorneys,
8. Violation of the Governor Newsom's Shelter-in-Place Executive Order N33-20,
9. Wrongful Foreclosure,
10. Violation of the Federal Sherman and Clayton Acts by Bid Rigging,
11. Unjust Enrichment,
12. Cancelation of the Instruments, California Civil Codes § 3412 and § 2924h(b),

| | |
|---|---|
| 1 | 16. Skarbek Law Offices, a Professional Corporation |
| 2 | 17. Brian Skarbek, Esq., |
| | 18. Commissioner Eric S. Johnson |
| 3 | 19. department 4 court clerk*********** |
| 4 | 20. Santa Clara County Sheriff's Department, |
| | 21. The yet to be named true parties in interest |
| 5 | in collusion with Wong, |
| | 22. Scheer Law Group, L.L.C. |
| 6 | 23. William J. Idleman, Esq. |
| 7 | 24. Spencer P. Scheer, Esq. |
| | 25. Joshua L. Scheer, Esq. |
| 8 | 26. Jonathan Seigel, Esq. |
| | 27. Timothy J. Silverman, Esq. |
| 9 | 28. And Does 1-100. |

13. Violation of the Implied Duty of Good Faith and Fair Dealing: Metcalf, 742 F.3d at 993 and other case laws and codes,

14. Violation of a court ordered rental . agreement,

15. Title 42: USC Section 1986: Knowledge & Stop-Correct-Wrongs,

16. FRCP Section 9B: Fraud by a Confession,

17. FRCP Section 26E: Closure,

18. Title 18: USC Section 4001 & Section 4002: Fictional Communications,

19. Title 15: USC Section 1692E: Fraud and Misleading Statements,

20. Title 15: USC Section 78ff: Penalty: \$25 Million,

21. Title 42: USC Section 1985-1: Conspiracy-Civil,

22. Title 42: USC Section 1985-2: Obstruction-Evidence & Witness,

23. Title 42: USC Section 1985-3: Depriving-Evidence & Witness,

24. Title 18: USC Section 1961: R.I.C.O.,

25. Title 18: USC Section 242: Coloring of the Laws, Ailing,

26. Title 18: USC Section 241: Criminal-Conspiracy and Tort,

27. Title 18: USC Section 3: Criminal-Participation-Knowledge,

28. Title 42: USC Section 1983: Personal-Damages

29. Title 18: USC Section 1512: Obstruction of the Law,

30. Violation of the Jamison vs. Desta case law,

31. Violation of the Title 8 U.S.C. Sections 1182, 1227, 1229 for Moral Turpitude,

32. Identity Theft,

33. Failure to Prove Agency by the Attorneys,

Claim for a Jury-Trial.
Also stated as a Demand for a Jury-Trial.

Plaintiffs reserve the right to amend this complaint.

For the Honorable Court and all the Parties and their Attorneys of Record:

**1.** Come Now the Plaintiffs:

1. Christina-Kamalam: Dawson, hereinafter Plaintiff or Christina-Kamalam,

2. Alex-Singarayan: Royappa, hereinafter Plaintiff or Alex-Singarayan,

3. Daniel-Andrew: Royappa, hereinafter Plaintiff or Daniel-Andrew,

4. Esther: Vasanthakumari, hereinafter Plaintiff or Esther.

5. Hannah-Ruth: Royappa, hereinafter Plaintiff or Hannah-Ruth.

      make the complaint against the Defendants:

1. California T.D. Specialists,

2. Patricio S. Ince´

3. Patricia Matamoros,

4. Vision Pacific, L.L.C.

5. F.C.I. Lender Services, Inc.

6. Michelle Alegria,

7. Patricia Matamoros,

8. Mou Un Wong,

9. The Law Offices of Todd Rothbard,

10. The Todd Rothbard Law Firm,

11. Todd Bennett Rothbard, Esq.,

12. Steve Naumchik, Esq.,

13. Ryan Austin Mayberry, Esq.,

14. The Carlson Law Group

15. Christina Norma Dabis, Esq.,

16. Skarbek Law Offices, a Professional Corporation

17. Brian Skarbek, Esq.,

18. Commissioner Eric S. Johnson

19.  department 4 court clerk***********

20. Santa Clara County Sheriff's Department,

21. The yet to be named true parties in interest in collusion with Wong,

22. Scheer Law Group, L.L.C.

23. William J. Idleman, Esq.

24. Spencer P. Scheer, Esq.

25. Joshua L. Scheer, Esq.

26. Jonathan Seigel, Esq.

27. Timothy J. Silverman, Esq.

28. And Does 1-100.

**3.** This complaint are brought by Plaintiffs against the Defendants for following causes of action. The Plaintiffs seek monetary, declaratory, and injunctive relief. All of the Defendants are liable for all of the following causes of actions.

1. Violation of the American with Disabilities Act of 1990, hereinafter A.D.A.,

2. Violation of the Federal Fair Debt Collection Practices Act, hereinafter F.D.C.P.A.,

3. Violation of the Federal Fair Credit Reporting Act, hereinafter F.D.C.P.A.,

4. Violation of the American Bar Association Rule by Participating with the Forbidden-Ex-Parte-Communication with a Judicial Officer,

5. Failure of the Reasonable-Equivalent-Value-Test at the Purported Trustee's Sale,

6. Violation of the Internal Revenue Codes § 1691 and other codes.

7. Violation of the Foreign Agents Registration Act by the Defendants' attorneys,

8. Violation of the Governor Newsom's Shelter-in-Place Executive Order N33-20.

9. Wrongful Foreclosure,

10. Violation of the Federal Sherman and Clayton Acts by Bid Rigging,

11. Unjust Enrichment,

12. Cancelation of the Instruments, California Civil Codes § 3412 and § 2924h(b),

13. Violation of the Implied Duty of Good Faith and Fair Dealing: Metcalf, 742 F.3d at 993 and other case laws and codes,

14. Violation of a court ordered rental agreement.

15. Title 42: USC Section 1986: Knowledge & Stop-Correct-Wrongs

16. FRCP Section 9B: Fraud by a Confession

17. FRCP Section 26E: Closure

18. Title 18: USC Section 4001 & Section 4002: Fictional Communications

19. Title 15: USC Section 1692E: Fraud and Misleading Statements

20. Title 15: USC Section 78ff: Penalty: $25 Million

21. Title 42: USC Section 1985-1: Conspiracy-Civil

22. Title 42: USC Section 1985-2: Obstruction-Evidence & Witness

23. Title 42: USC Section 1985-3: Depriving-Evidence & Witness

24. Title 18: USC Section 1961: R.I.C.O.

25. Title 18: USC Section 242: Coloring of the Laws, Ailing

26. Title 18: USC Section 241: Criminal-Conspiracy, Tort

27. Title 18: USC Section 3: Criminal-Participation-Knowledge

28. Title 42: USC Section 1983: Personal Damages

29. Title 18: USC Section 1512: Obstruction of the Law

30. Violation of the Jamison vs. Desta case law

31. Violation of the Title 8 U.S.C. Sections 1182, 1227, 1229 for Moral Turpitude

32. Identity Theft

33. Failure to Prove Agency by the Opposing Attorneys

The Statement of Facts, Causes of Actions, and the Memorandum of Points and Authorities.

4. The Plaintiffs are not schooled with the law. The Plaintiffs demand that their status be recognized, and treated by the Court as The United States Supreme Court, and U.S. District Courts have held such status be recognized and treated. Quote: A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, un-quote. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); see also Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.Ed.2d 251 (1976); Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989). Quote: We hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys and construe them liberally, un-quote. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The courts have directed that those who are not schooled in law shall have the court look to the substance of the motions, requests, and notices rather than the form.

*Jurisdiction:*

The house is located in Santa Clara County. The venue is at San Jose, California, US. District Court

5. The Constitution and 28 U.S.C. § 1332 vest federal courts with jurisdiction to hear cases that "arise under" federal law. The Constitution vests federal courts with the authority to hear cases "arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. art III, § 2. Congress vests federal district courts with subject-matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

For the England/Jennings Reservation.

6. Christina-Kamalam, Alex-Singarayan, Daniel-Andrew, Esther, and Hannah-Ruth state that it is their expressed reservation and intent to try matters of federal issue question, and constitutional rights violations in the federal forum, that is, (a) the United States District Court, (b) the United States Circuit Court, (c) the Federal Court of Claims, (d) the United States Tax Court, or (e) any other of the 50 or so Federal Courts that would have jurisdiction, either before or at the conclusion of these proceedings, administrative, or otherwise. See Jennings, 531 F.2d 1331.

Reservation of Rights:

7. Quote: We reserve my right not to be compelled to perform under any contract, commercial agreement, or bankruptcy that I did not enter knowingly, voluntarily, and intentionally. And furthermore, we do not and will not accept the liability of the compelled benefit of any unrevealed contract or commercial agreement or bankruptcy. We have reserved my rights under the UCC 1-308, formerly 1-207, and demand the statutes used in this court be construed in harmony with Common Law, un-quote.

The code is complimentary to the common law, which remains in force, except where displaced by the code. A statute should be construed in harmony with the common law, unless there is a clear legislative intent to abrogate the common law. The code was written as not to abolish the common law entirely. I was not involved with an international maritime contract, so in good faith, I deny that such a contract exists, and demand the court proceed under Common Law Jurisdiction. I'm only aware of two jurisdiction the court can operate under as per the Constitution, and those jurisdiction are Common Law, and Admiralty Jurisdiction. If the court chooses to proceed under Admiralty Jurisdiction, I' will need the court to inform me where I' can find the rules of procedures for

admiralty jurisdiction for my review, to avoid a violation of my due process, which will result in a civil claim against the court for obstruction of the administration of justice.

8. Plaintiff Christina-Kamala: Dawson is the true title holder of the house located at 1693 South Mary Avenue, Sunnyvale, California [94087], hereinafter the House. The Trustee's Deed Upon Sale recorded by Wong is a fraudulent and void document due to bid rigging and not timely recorded. The bid rigging purported trustee's sale was conducted on July 22, 2020, and the bid rigging Trustee's Deed Upon Sale was recorded August 06, 2021, which is one day too late to be able to perfect the title. See the U.S. Financial, L.P. v. Michael McLitus at the San Diego County Superior Court Appellate Division and the 909 Monserate Avenue Trust v. Michael McLitus at the California Supreme Court.

9. There was no Trustee Sale. There was a bid rigging transaction. Mou Un Wong, hereinafter Wong, is not the true party in interest. She is a third-party interloper or a third-party debt collector masquerading as the purported title holder to the house. She seriously violated the Federal Fair Debt Collection Practices Act, hereinafter the F.D.C.P.A., and Federal Fair Credit Reporting Act, hereinafter the F.C.R.A., and the A.D.A. by not disclosing herself as a third-party interloper or a third-party debt collector. In addition, she illegally colluded with the yet to be named so-called partner or partners who would normally be competing bidders.

10. On March 19, 2020, California Governor Newsom issued California Governor Newsom Shelter in place Executive Order-N33-20.

11. The actual foreclosure sale, however, which is a public sale, cannot occur. This is since the state has mandated, and local governments have implemented, shelter in place orders, restrictions on business operations to essential businesses, and social distancing requirements. Even if the business of a foreclosure trustee were deemed "essential" under local ordinance, and such sales were to occur, the free and open environment which is meant to attract and encourage potential bidders and protect borrowers at a public auction is not present due to social distancing mandates. Importantly, no title company will insure the sale of a foreclosed property to a subsequent buyer, since questions could be raised as to whether it was conducted in a climate that chilled the bidding process. William

Bernfeld, Daphna Davidovits, Akerman LLP, 'The Impact of Covid 19 on Commercial Real Estate Foreclosures in California. https://www.jdsupra.com/legalnews/the-impact-of-covid-19-on-commercial-23196/

12. Plaintiff contends that foreclosure Trustees have not been deemed an essential-service and therefore the stay-at-home orders apply.

13. Further, Plaintiff contends that many investors may have stayed at home believing, rightly or wrongly, that the Stay-at-Home orders issued by the State of California, the County of Santa Clara and the City of Sunnyvale applied to them, and therefore they believed that they were not allowed to attend such a sale.

14. Therefore, the sale was not an open and fair sale as required by the California Civil Code.

15. The trustee under the Deed of Trust caused a willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust when they held the sale during the Stay-at-Home Orders of the State of California and the County of Santa Clara, as well as the City of Sunnyvale.

16. California T.D. Specialists knew or should have known that there would be a chilling effect on the potential bidders at the sale, as some of them may not have appeared at the sale due to the Stay-at-Home orders, regardless of whether the Stay-at-Home Orders applied. It must be noted that neither a Trustee nor a Trustee's Sale is anywhere mentioned as an essential service — thus the public would have no way of knowing whether they could attend the sale.

17. Due to the facts relating to the Covid-19 crises and related emergency orders, the Trustee's Sale was not an open and fair auction, and the Trustee's Deed Upon Sale should be expunged, canceled, and deemed of no further force or effect. The Trustee's Sale should be enjoined until the Stay-At-Home Orders are rescinded, or Trustee Sales are determined to be an Essential Service by all appropriate health and governmental agencies.

18. By purchasing the Subject Property at a price well below the actual value of the Subject Property, Defendant Wong has been unjustly enriched to the detriment of the Plaintiff.

19. In addition, by purchasing the Subject Property during the Covid-19 pandemic, at a time when the Stay-at-Home Orders of the State of California, the County of Santa Clara and the City of Sunnyvale, Defendant Wong has been unjustly enriched to the detriment of the Plaintiff.   .

20. The exact accounting of the accounting entries are not provided because the original promissory note was bundled and sold in the securitization process. The Original Promissory note that evidences the alleged debt was never provided in the foreclosure paperwork to verify a loan was made. The promissory note includes the interest rate, the payment amounts and terms, it will have the signatures of the parties to the contract, and the buyer's promise to pay the lender the amount borrowed plus interest. The wrongful foreclosure is Void, as it did not contain the legal documents to verify a loan, the terms, amount loaned, or any documentation signed by the lender to verify a loan was provided to the plaintiff. There is no admissible evidence to verify the lender signed a contract to provide a loan, and therefore State Court did not have jurisdiction to rule. The mere fact the lender accepted the borrower's name on the lien to the property will prove the borrower owned the property free and clear. The attorney is acting as a Foreign-Agent" for a Foreign-State (Corporation) who has commenced this action in violation of the 11th Amendment and in violation of 22 USC 611. The Plaintiffs hereby complain and allege as following claims for relief under Civil-Rico Federal Racketeering laws (Title 18 U.S.C. 1964) as the lender has established a "pattern of racketeering activity" by using the U.S. Mail more than twice to collect an unlawful debt and the defendants are in violation of Title 18 U.S.C. 1341, 1343, 1961 and 1962. The defendants have obstructed the administration of Justice, and violated the Plaintiff's right to Due-Process.

21. Facts of The Dispute:

a. The fact the defendant's recorded wrongful Notice of Default and Notice of Trustee's Sale i against the plaintiff will verify the defendant's contracted to provide a loan to the plaintiff, and the defendant's owed a legal duty to the plaintiff.

b. The defendant's duty was breached because they never provided a loan to the plaintiff.

c. The alleged loan was an exchange, of the plaintiff's signed promissory note for electronic credits from Federal Reserve.

d. Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. UCC §1-201(24), §3-104, §3-306, §3-105, UCC §§8-102 (7),

(9), (15), (17), §8-501, §8-503, §8-511, UCC §§9-102(9), (11), (12)(B), (49), (64), 12 USC 1813(I)(1).

e. The defendant's accounting records will show the corporation has an offsetting liability to the homeowner pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR), and the alleged loan was always an asset to the defendant's.

f. These records include: (a) FR 2046 balance sheet, (b) 1099-OID report, (c) S-3/A registration statement, (d) 424-B5 prospectus and, (e) RC-S & RC-B Call Schedules.

g. The corporation never registered the commercial instrument because they knew it was a financial asset to the debtor, and there was a breach.

h. The breach of contract has damaged the plaintiff in the following manner, and plaintiff is demanding compensatory damages to reimburse the plaintiff for costs associated with the injury. All of the monthly payments made on a fake loan plus interest for the number of year's payments were made, legal expenses.

i. Plaintiff also demand punitive damages as a remedy for the defendant's conduct that was intentional and excessively reckless. The wrongful foreclosure has cause negative affect on plaintiff's credit report.

j. The plaintiff also has other claims for relief because he will prove there was or a conspiracy to deprive him of property without the administration of justice, in violation of plaintiff's due process of law under Title 42 U.S.C. 1983 (Constitutional injury), 1985 (Conspiracy) and 1986 ("Knowledge" and "Neglect to Prevent" a U.S. Constitutional Wrong).

k. Under Title 18 U.S.C.A. 241 (Conspiracy), violators "shall be fined not more than $10,000 or imprisoned not more than ten (10) years or both." **The foreclosing party lacked standing to foreclose** because the alleged loan was created with the homeowner's signature on the promissory note the bank sold to the Federal Reserve for unlawful electronic credits.

**In this case the signature on the foreclosure petition shows the attorney initiated the foreclosure without standing.**

m. Original Contract with the signatures of both the alleged borrower, and the lender have never been filed in court to verify there was a bilateral contract.

n. Without a certification of the accounting entries of the defendants cannot verify there was any debt.

o. The attorney cannot verify agency and therefore the foreclosure lawsuit has a fatal flaw. The foreclosure was filed showing the lender as the plaintiff, however one from the lenders corporation signed the foreclosure documents.

p. There is no witness before the court to give the court jurisdiction.

q. The affidavit is defective as it is 3rd party hearsay and cannot be admitted as evidence at trial.

r. The attorney is not legal before the court because they have not registered with The Foreign Agent Registration Act, hereinafter F.A.R.A.

s. Plaintiff's claims are brought forward Under Common Law:

Elements for Common Law:

1. Controversy: The listed defendants.

2. Specific Claim: Violation of the A.D.A. and other claims.

3. Specific Remedy Sought by Claimant: $5,500,000.

4. The Claim has a Statement on the Oath and Verification, and I will verify in open court that all herein be true.

22. Factual Allegations.

2.1 On or about June 2019 the plaintiffs obtained a so-called mortgage loan from Vision Pacific, LLC, in the amount of $485,000.00.

2.2 The plaintiff was never provided with a loan, plaintiff's signed promissory note was the source of the electronic credits claimed to be a loan to plaintiff.

2.3 The alleged loan was created with plaintiff's signature because all commercial instruments such as promissory notes, credit agreements, bills of exchange and checks are defined as legal tender, or money, by the statutes such as 12 USC 1813(l)(1), UCC §1-201(24), §3-104, §8-102(9), §§9-102(9), (11), (12)(B), (49), (64).

2.4 **These statutes define a promissory note or security to be negotiable (sellable) because it is a financial asset. This is necessary because contracts requiring lawful money are illegal pursuant to Title 31 USC §5118(d) (2). All debts today are discharged by promises to pay in the future.**

2.5 Federal Reserve notes are registered securities and promises to pay in the future. They are secured by liens on promissory notes of collateral owned by real people.

Page 11 of 22. Complaint for the Violation of the American with Disabilities Act and Other Causes.

2.6 The statutes do not provide the Federal Reserve Corporation a monopoly on promissory notes, as debt collectors insist.

2.7 Plaintiff's signature created the promissory note in dispute, and it was sold to the Federal Reserve in exchange for plaintiff's signed note.

2.8 Plaintiff's promissory note never became a registered security, and a financial asset that can be negotiated because for a commercial instruments to be legal tender, they must be secured by a maritime lien on a prepaid trust account recorded at the county and registered on a UCC1. It then becomes a registered security and a financial asset that can be negotiated.

2.9 The defendant's further complicated the fraudulent process by selling their payables to another entity to remove it from their balance sheet.

3.0 **This is called securitization or off-balance sheet financing.** No loan was provided to the plaintiff, and the defendant's failed to file evidence on the record to prove a contract existed.

3.1 The original contract and an accounting of the loan entries was never filed in the wrongful foreclosure case that was filed against plaintiff's property.

23. A Scheme to Defraud.

3.1 The contract should be rescinded because the defendant did not provide full disclosure, the contract is extremely deceptive and unconscionable, In re Pearl Maxwell, 281 B.R. 101

3.2 The Truth in Lending Act, Regulation Z, 12 CFR §226.23, states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures. The original debt was actually zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

3.3 Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. If a security interest in the note is perfected, by recording it on a lien as a registered security, the maker or originator becomes an entitlement holder in the asset. **But the defendant's do not understand that they have this liability because most people are unaware of it.**

a.      UCC §1-201(24),  §3-104, §3-306, §3-105,

b.      UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511

c.      UCC §§9-102(9), (11), (12)(B), (49), (64)

d.      12 USC 1813(l)(1)

3.4 The defendant's records will show the defendants have an offsetting liability to the plaintiff pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR).

These records include:

a. FR 2046 balance sheet,

b. 1099-OID report,

c. S-3/A registration statement,

d. 424-B5 prospectus and

e. RC-S & RC-B Call Schedules

3.5 The defendant's never registered the plaintiff's signed promissory note (commercial instrument), because they know it is showing as a financial asset on their books.

3.6 The defendant's did not register the promissory note to establish a security interest in the financial asset to take the position of a secured creditor.

3.7 The promissory note is not listed on a maritime lien against the prepaid trust account and filed with the county recorder and put on a UCC1.

a. §8-102(13), §9-203; §9-505, §9-312

b. 46 USC §§31321, 31343,   46 CFR 67.250, §9-102(52), §9-317, §9-322

3.8 Plaintiff demanded the original foreclosure claim to be set off for recoupment, and to have the assets cancel out the liabilities according to:

a. FAS 140, §3-305, §3-601, §8-105, §9-404

3.9 It is a violation of both State and Federal law for a bank to sell an unregistered note that is a security that violation provides a right to rescission of the contract pursuant to Statutes.

24. Detrimental Reliance.

Detrimental reliance is a legal concept under the law of contracts. Ordinarily, a valid contract requires a proper exchange of consideration between the parties.

The plaintiff alleges facts establishing detrimental reliance:

4.1 The wrongful foreclosure case (that is the result of these claims) filed against the plaintiff in State Court will verify a. A promise was made between the parties. b. The plaintiff reliance on the promise was reasonable or foreseeable. c. There was actual and reasonable reliance on the promise. d. The reliance was detrimental. Injustice can only be prevented by enforcing the promise

4.2 The plaintiff signed a lien against his property in return for a loan and no loan was ever provided.

4.3 The plaintiff was tricked into repaying a large monthly payment plus taxes for 30years, when the alleged loan was created was created with the plaintiff's signature.

4.4 The unlawful lien against the plaintiff's property blocked the Plaintiff from selling the property and moving his family into a more suitable home.

4.5 The payments made to the defendant's interfered with the Plaintiff opening his new business, providing for his children's education because of the payments made to the defendants for the fake loan.

4.6 The payments to the defendant's for the fake loan caused the plaintiff to be short of money to pay bills on time which caused the plaintiff's credit score to drop, which blocked plaintiff from getting the best financing, jobs, and plaintiff has even blocked from qualifying for housing and credit cards.

25. Claim Unlawful Deception in The Original Foreclosure Case:

4.1The promissory note used to gain the court's jurisdiction in the wrongful foreclosure is fraudulent, the document was used in court as a security when it was never registered.

4.2 The Original promissory note signed to lien the property was the real source of the alleged loan.

4.3 Fact is the money the bank is claiming was a loan was generated by the plaintiff's signature.

26. R.I.C.O. Claim.

5.1 In a Debtor's RICO action against its creditor, alleging that the creditor had collected an unlawful debt, an interest rate (where all loan charges were added together) that exceeded, in the language of the RICO Statute, "twice the enforceable rate," the Court found no reason to impose a requirement that the Plaintiff show that the Defendant had been convicted of collecting an unlawful debt, running a "loan sharking" operation.

5.2 The debt included the fact that exaction of a usurious interest rate rendered the debt unlawful and that is all that is necessary to support the Civil RICO action. Durante Bros. & Sons, Inc. v. Flushing Nat. Bank, 755 F.2d 239, cert. denied, 473 US 906 (1985).

5.3 The Supreme Court found that the Plaintiff in a civil RICO action need establish only a criminal "violation" and not a criminal conviction. Further, the Court held that the Defendant need only have

caused harm to the Plaintiff by the commission of a predicate offense in such a way as to constitute a "pattern of Racketeering activity." That is, the Plaintiff need not demonstrate that the Defendant is an organized crime figure, a mobster in the popular sense, or that the Plaintiff has suffered some type of special Racketeering injury; all that the Plaintiff must show is what the Statute specifically requires.

5.4 The RICO Statute and the civil remedies for its violation are to be liberally construed to effect the Congressional purpose as broadly formulated in the statute. Sedima, SPRL v. Imrex Co., 473 US 479 (1985)

27. Wrongful Foreclosure Claim.

6.1 As a proximate result of the negligent or reckless conduct of Mills Fargo Mutual and the attorneys Foreclosure Services the homeowners' credit has been impaired the homeowners face the eminent loss of their property despite the fact the bank never made them a loan.

6.2 The foreclosing party did not have standing to file foreclosure because they have not filed evidence on the court record to verify a loan was made and or what the amount and terms of the alleged loan stated.

a "Fatal Flaws" robbed the court of Jurisdiction and the wrongful foreclosure is unlawful.

"Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided." Basso v. Utah Power & Light Co., 495 F 2d 906, 910.

6.3 The plaintiff is seeking damages for wrongful foreclosure, and he has shown that (1) there was an irregularity in the foreclosure sale and (2) the irregularity caused the plaintiff damages. See University Sav. Ass'n v. Springwoods.

6.4 In this case there is no witness to provide jurisdiction to the court.

6.5 Unless enjoined, the plaintiffs will suffer irreparable harm and will not have an adequate remedy at law.

6.6 As a proximate result of the negligent actions of both defendants, the plaintiffs have suffered consequential damage and will continue to suffer additional damage in an amount to be fully proved at the time of trial.

28. Slander of Title.

7.1 The defendants have caused to be recorded various documents including a an unlawful foreclosure which constitutes slander of title and the plaintiff should be awarded resulting damages to be fully proved at the time of trial.

28. Violation of The Consumer Protection Act

8.1 The defendants have engaged in a pattern of unfair practices in violation of the Consumer Protection Act, et seq. entitling the plaintiff to damages, treble damages and reasonable attorney fees and costs pursuant to the statute.

29. Slander of Credit.

9.1 The plaintiff allege that the actions and inactions of the defendants have impaired their credit causing them to lose the ability to have good credit entitling them to damages, including statutory punitive damages pursuant to state and federal law, all to be proved at the time of trial.

30. Claim for Infliction of Emotional Distress.

10.1 The defendants have intentionally or negligently taken actions which have caused the plaintiffs severe emotional distress.

31. Lawful Challenge on Constitutional Grounds

The wrongful foreclosure action had no injured party and therefore damages should be granted. The 6th Amendment secures that no person will be deprived of life, liberty or property without due process of law. Therefore, the "the injured party" must appear and state he/she is owed a debt, the debtor must be given the right to challenge this debt for "validation" 15 USC 1692g. Only an "injured party" can claim a debt is owed. "Imaginary persons" cannot appear or give testimony and cannot be the "Plaintiff" of any cause of action. The attorney is acting as a "Foreign Agent" for a "Foreign State" (Corporation) who has commenced this action in violation of the 11th Amendment and in violation of 22 USC 611.

32. Failure to Establish Agency.

The people have rights, Corporations do not have rights. Among these "Rights" is the right to contract, the people have this right under 42 USC 1981. The people exercise this right by their signature and/or Social Security Number. **Corporations cannot sign and therefore cannot enter into any contract, with an attorney.** The right to contract is reserved to the people. This is established by the age-old principle of "Agency". To establish an "Agency", the "Principal" must ask the "Agent" to perform a task. The "Agent" must agree to perform the task. It is a time-tested principle, of "American Jurisprudence" that the "Court" must not rely upon the" Agent" to prove" Agency". The "Court" must follow the "Principal" to establish "Agency". The law is simple no "Principal" no "Agency" to "Capacity to Sue". Case must be dismissed.

33. Prejudice.

Legal prejudice refers to a condition shown by a party that will defeat the action of an opposing party. In other words, it is a fact or condition which may defeat the opposing party's case, if the same is established or shown by a party to litigation.

34. Fraudulent Civil Action Was Filed in State Court:

This civil action filed against the plaintiff in State court was "Fraudulent" because the attorneys are claiming a "Corporation" has rights, privileges, and immunities in court, common knowledge dictates a Corporation is an artificial person without natural rights. For an attorney to file a civil action with a "Corporation" as "Plaintiff" is clear "Fraud on the Court". A "Corporation" cannot sign a "Power of Attorney" or give any attorney verbal instructions to act on its behalf. Therefore, no attorney can lawfully represent any "Corporation in court".

35. Plaintiffs calls this Unlawful Detainer trial a Mock-Trial due to the following events.

(a) The unlawful detainer Mock-Trial took place on April 07, 2021.

(b) Alex-Singarayan entered Courtroom 4, 191 First Street, San Jose, California at 9:49 A.M..

(c) The Mock-Trial began at 10:05 A.M..

(d) The Mock-Trial ended at 10:30 A.M..

(e) The Mock-Judgment was file stamped on April 07, 2021, at 9:38 A.M, 52 minutes before the Mock-Trial ended.

(f) Commissioner Eric S. Johnson violated the A.D.A. and violated Title 8 U.S.C. Sections 1182, 1227, 1229 for Moral Turpitude.

36. The Bar Member Attorney Brian Skarbek, hereinafter Skarbek, confessed to an Forbidden-Ex-Parte-Communication with Commissioner Eric S. Johnson on the day of the Mock-Trial. Witness Edward-Leopold of the Novak-family asked Skarbek if he had sent a recent photo of himself with Edward-Leopold: Novak, Alex-Singarayan: Royappa, and another woman. Skarbek said that he sent the photo to the Queen of England.

37. Witnesses Edward-Leopold, Novak, Alex-Singarayan: Royappa, and Anthony-Marcus: Alaimo found out that when Skarbek talks about the Queen, he is talking about Commissioner Eric S. Johnson because whenever Skarbek enters the Courtroom of Commissioner Eric S. Johnson he says that he is going to talk to the Queen. Skarbek has used phrase, talk to the Queen, on at least five occasions.

38. When Esther filed the Claim of Right to Possession, the Plaintiffs were entitled to 15 days possession of the house by paying to the court clerk $2,250. The eviction occurred before the 15th day expired. The Plaintiffs were deprived of the $2250.00 rent payment. The Plaintiffs violated the A.D.A..

39. Forbidden-Ex-Parte-Communication by Todd Rothbard and Brian Skarbek, strutting next to the Commissioner ..............

9. Sheriff evicted prematurely, evicted without a valid writ of possession, refused to accept a claim of right to possession from one of the occupants. ................

10. Todd Rothbard has been at nearly every court session at Department 4. ..............

40. Whenever there is a trustee's sale, the Reasonable-Equivalent-Value-Test must be satisfied.

(1) Concerning: Durrett v. Washington Nat'l Ins. Co., 621 F.2d 201, 5th Cir. 1980. The Bright-Line-Test recognizes the Reasonable-Equivalent-Value when the highest bid is at least 70% of the fair market value.

Page 18 of 22. Complaint for the Violation of the American with Disabilities Act and Other Causes.

(2) Concerning: First Federal Sav. & Loan v. Standard Bldg. Assoc., 87 B.R. 221, N.D. Ga. 1988. The non-judicial foreclosure sale did not provide a Reasonable-Equivalent-Value where sale price was less than 70% of the fair market value.

(3) Concerning: Madrid, 21 B.R. 424, B.A.P. 9th Cir. 1982. The transfer was made for only 64-67% of the fair market value.

(4) Concerning: Clark, 99 B.R. 955, Bankr. W.D. Mo. 1989. The bid of 70% of fair market value was not a Reasonable-Equivalent-Value.

(5) Concerning: Bundles v. Baker, 856 F.2d 815, 7th Cir. 1988. Even if the trustee's sale were a regularly-conducted-non-collusive-foreclosure, sale cannot automatically be deemed to provide Reasonable-Equivalent-Value.

(6) Since the Real Parties in Interest bid to about 61% of the fair market value, the trustee's sale is automatically considered a fraudulent or void conveyance.

(7) There is much evidence that the trustee's sale was collusive, that is, a bid rigging transaction. Mou Un Wong appears to be a shill for the True Parties in Interest who bid behind the scenes of the purported trustee's sale. Mou Un Wong is a third-party interloper or a third-party purported debt collector masquerading as a purported title holder. In addition, Mou Un Wong did not disclose that she is a debt collector thereby violating the

(8) This bid rigging transaction violates the Federal Sherman and the Clayton Act and numerous other federal and state laws.

(9) The purported trustee's sale was conducted on July 22, 2020. The purported Trustee's Deed upon sale was recorded on August 06, 2020, which is 16 days after the purported trustee's sale. Wong has not perfected the title. Must be recorded within 15 days. See U.S. Financial, L.P. vs. Michael McLitus.

(10) Wong is not the true party in interest. She is a third-party debt collector masquerading as the purported title holder to the house. She serious violated the A.D.A., F.D.C.P.A., and F.C.R.A., by not disclosing herself as a third-party debt collector.

41. When Wong wrongfully evicted all of the occupants, she damaged and threw away the belongings of the Plaintiffs. Plaintiffs have videos of their belongings thrown on the sidewalk, which is a malicious act. Plaintiff's estimate the amount of damages is about $500,000.00 with the proof forthcoming.

42. When the Deputy Sheriff refused to take the Claim of Right Form from a tenant, the Sheriff's Department violated the A.D.A..

43. When the Deputy Sheriff denied access to Esther's medicine, the Sheriff's Department violated the A.D.A..

Relief.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For a declaration of the rights of the parties with respect to the Subject Property.

2. For a temporary restraining order, preliminary injunction, and permanent injunction to prevent Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for Defendants, from asserting any interest in the Subject Property or otherwise attempting in any manner to dispossess Plaintiff of title to or possession of the Subject Property.

3. For Cancelation of the Trustee's Deed Upon Sale, Santa Clara County Recorder's Office Document No.: 24566144, based on the attorney's fraudulent misconduct mentioned in the claim, and to grant damages.

4. For damages according to proof at trial.

5. For costs of suit herein incurred; and

6. For such other relief as the Court may deem just and proper.

7. The defendants contact the credit reporting agencies and correct the false information that was reported to them.

Respectfully,

October 08, 2021.        By:    *[signature]*
                                Christina-Kamalam: Dawson

October 08, 2021.        By:    *[signature]*
                                Alex-Singarayan: Royappa

October 08, 2021.        By:    *[signature]*
                                Daniel-Andrew: Royappa

October 08, 2021.        By:    *[signature]*
                                Esther: Vasanthakumari,

October 08, 2021.        By:    *[signature]*
                                Hannah-Ruth: Royappa

Joint Statements on the Oath and Verification of the Complaint of the of
Christina-Kamalam, Alex-Singarayan, and Daniel-Andrew, Hannah-Ruth,

**1.** We are over the age of 18 years, and we are the parties of this case. We have personal knowledge of the facts stated with this Notice and this Statement on the Oath.

**2.** If we are called as witnesses, we could and would testify competently to the truth of the facts as stated herein.

**3.** We make this Joint Statement on the Oath and Verification of the Complaint under penalty of perjury that the statements herein are true and correct.

**4.** We executed this Joint Statement on the Oath and Verification of the Complaint on October 08, 2021 at Sunnyvale, California.

By: *Christina- Kanada*

Christina-Kamalam: Dawson

By: *Alex - Singarayu*

Alex-Singarayan: Royappa

By: *Daniel- Andrew*

Daniel-Andrew: Royappa

By: *Esther - Vasanthakumari*

Esther: Vasanthakumari

By: *Hannah- Ruth*

Hannah-Ruth: Royappa

Page 22 of 22. Complaint for the Violation of the American with Disabilities Act and Other Causes.